```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                   CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| HOLLY SUE HALL,              ) | |
|                              ) | |
|     Plaintiff,               ) | |
|                              ) | Civil Case No. |
| v.                           ) | 5:13-CV-20-JMH |
|                              ) | |
| CAROLYN W. COLVIN, ACTING    ) | **MEMORANDUM OPINION & ORDER** |
| COMMISSIONER OF SOCIAL       ) | |
| SECURITY,                    ) | |
|                              ) | |
|     Defendant.               ) | |

*** 

This matter is before the court on Plaintiff's Motion For Payment of Attorney Fee Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1) (1996) ("EAJA"). [DE 16]. Defendant has responded [DE 21], and the time has passed for Plaintiff's reply.  This matter is now ripe for decision.

**I. Background**

Plaintiff filed her Complaint in this matter on January 18, 2013, appealing the Commissioner's denial of her application for disability insurance benefits. [DE 1]. On June 28, 2013, Plaintiff filed a motion to remand, citing, among other things, her inability to locate a previous claims file in which Plaintiff received a favorable decision and was awarded benefits. [DE 10]. Because Plaintiff had been reasonably unable to procure the file and because the ALJ did not review nor discuss the Plaintiff's prior file, this Court granted

Plaintiff's motion and the case was remanded. [DE 13]. On remand, the ALJ issued a decision favorable to the Plaintiff on November 12, 2014. [DE 17-1].

On February 16, 2015, Plaintiff filed an application seeking $351.68 in costs and $12,457.50 in attorney's fees for 83.05 hours of work at the rate of $150 per hour. [DE 16-1 at 4]. Defendant argues that some of the hours billed should be reduced, that the hourly rate is not reasonable, and that the EAJA fees should be assigned to Plaintiff rather than Plaintiff's counsel. [DE 21].

**II. Discussion**

   **A. Hours Billed**

The EAJA permits a Plaintiff to receive compensation for the number of hours reasonably expended by her attorney on her case. 28 U.S.C. § 2412(d)(2)(A). The plaintiff has the burden of proving that the fees requested under the EAJA are reasonable. *See Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The court should exclude time that is "excessive, redundant, or otherwise unnecessary." *Id.* at 433-34.

Defendant advances three objections to Plaintiff's requested hours: (1) that Plaintiff has improperly billed for clerical work; (2) that Plaintiff has billed for tasks that are duplicative or excessive; (3) and that Plaintiff has improperly billed for travel time that is unnecessary.

2

### 1. Clerical Tasks

The Commissioner objects to 6.5 hours billed for clerical work. Although paralegal services are compensable under the EAJA, *see Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 578 (2008), purely clerical tasks are not. *Lay v. Astrue,* No. CIV.A. 10-346-DLB, 2012 WL 5988822, at *5 (E.D. Ky. Nov. 29, 2012) (citing *Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10 (1989)). Paralegal work requires some legal knowledge, whereas clerical work is work that does not, "such as filing motions, preparing or reviewing summons, and receiving and filing correspondence." *Id.* (citing cases).

The Court agrees that Plaintiff has billed for several clerical activities, or activities that appear to require no legal knowledge. These include electronic notification of the issuance of summons (2/1/13) and receipt and review of return of summons (2/22/13), receipt and review of the attorney for the Commissioner's notice of appearance (2/20/13), electronic receipt of the briefing schedule (4/16/2013), travel to Fedex office to obtain the administrative record (4/25/2013), receipt of the Social Security Administration's Electronic Records Express access to the electronic folder with follow up (7/20/2014), and a fax receipt from another attorney indicating the prior claims file is lost with follow up (9/24/2013). Accordingly, the Court will reduce the hours billed by 3.3

hours. The Court will not reduce the fee award by the .2 hours billed for review of filing with follow up to the client on 1/22/2013 and the 3 hours billed for speaking with the client on a number of matters on 1/29/2015, because these activities involved the Plaintiff's attorney communicating to the Plaintiff and are not clerical nor excessive.

### 2. Duplicative Time

The Commissioner objects to hours billed by Plaintiff that the Commissioner argues are duplicative or excessive. First, the Commissioner objects to 3.5 hours billed beginning on 5/18/2013 regarding the "disposition of claimant's prior claim," while 4 hours were billed beginning on 8/22/2013, also attempting to locate the prior claims file. The EAJA provides for an award of fees for expenses that are "necessary to the preparation of the [prevailing] party's case." 28 U.S.C. § 2412(d)(2)(A). The Court does not find that these tasks are duplicative, for it is reasonable that Plaintiff's attorney made two separate attempts to locate the earlier claims file. Furthermore, this file was important to the Plaintiff's case, and the total 7.5 hours spent locating it are not excessive. Thus, the Court declines to reduce the hours billed by that amount.

Next, Defendant objects that the bill includes 9 hours for reviewing the administrative record and 7.5 hours preparing a memorandum in support of an award of benefits as well as 1.5

4

hours spent preparing the motion to remand. Because Plaintiff's motion to remand served as the basis for remanding this case, Defendant argues that the hours spent on the record and memorandum should not be compensated or should be reduced. However, Plaintiff's attorney reasonably reviewed the record while he searched for the prior claims file, and his review of the record was necessary when the case was ultimately remanded anyway. On the other hand, the Court agrees that the preparation of the memorandum to support an award of benefits was unnecessary work, given that the Court remanded the case. The Court also notes the timing of this task—it is unclear why the Plaintiff's attorney continued to work on the memorandum until July 1, although he filed and prepared the motion to remand in late June. Plaintiff has not satisfied her burden in showing that these hours expended by her attorney are reasonable, and, therefore, the Court will reduce the hours billed by the 7.5 hours spent on the memo.

Finally, the Commissioner objects to 6 hours spent on receipt and review of various documents totaling 42 pages faxed from the Social Security Administration in February, 2015, after the Plaintiff had received a favorable award in November, 2014. However, it appears from the bill that there were several issues that Plaintiff's attorney addressed relating to the favorable award, including overpayment and back pay, after the decision

5

issued in November. The attorney's receipt and review of the documents, and contact with "claimant's attorney and the SSA" appear to reasonably relate to those issues and the Court does not, therefore, find them excessive.

### 3. Attorney Travel to Campton, Kentucky

The Commissioner objects specifically to the 4 hours billed on November 26 and December 1, 2012, for "travel to Campton, Ky to review and copy Ms. Hall's social security file and records and agreement to undertake a federal appeal." The Commissioner argues that the travel was unnecessary, because Ms. Hall could have sent her file and agreement in the mail to her attorney, and that Plaintiff's attorney should not receive compensation for the time spent copying the file, which is a clerical task. The bill appears to indicate that this was the first time the Plaintiff's counsel met with his client, and the Court finds that his travel to Campton for that purpose is reasonable. However, the Court agrees that the copying of the file should not be compensated, for it is a clerical task. Because it is not clear how much time is dedicated to that task, the Court will reduce the 4 hours billed by 1 hour, leaving 2 hours to drive from Prestonsburg to Campton and back, and 1 hour for the attorney-client meeting.

**B. Hourly Rate**

Having addressed the reasonableness of the hours billed, the Court turns to the hourly rate. Plaintiff requests an hourly rate of $150.00. The Commissioner argues that the hourly rate is excessive and requests that this Court reduce the award to the statutory rate of $125.00 per hour. 28 U.S.C. § 2412(d)(2)(A). The court agrees.

> Under 28 U.S.C. § 2412(d)(2)(A), attorney's fees
>
> shall be based on prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

§ 2412(d)(2)(A). Plaintiffs are free to request an increase in the statutory rate; however, the plaintiff will "bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)). Plaintiffs will only meet this burden if they can "produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rate" is the prevailing market rate, or, in other words, is "in line with [the rate] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* If this threshold showing is not made, the district court need not

7

consider increases in the cost of living. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

Here, Plaintiff requests an hourly rate of $150.00. In support of her request, Plaintiff cites to an affidavit of Alvin D. Wax, dated June 20, 2003, in which Mr. Wax states that his rate is typically between $150 and $200. Plaintiff also cites to two of Wax's fee awards, one of which is incomplete and the other of which this Court approved an award above the statutory rate due to the novelty of the issue involved. These are familiar, for Plaintiff's attorney has made the exact same contention, with citation to the same documents, at least twice before. *See Lay v. Astrue*, No. 10-cv-346-DLB at DE 13-2, 2012 WL 5988822 (E.D. Ky. February 29, 2012); *Kalar v. Astrue*, No. 10-cv-428-JBC at DE 19-3, 2012 WL 2873815 (E.D. Ky. January 18, 2012). Both times, and for the same reasons, Plaintiff's attorney's argument failed, as it fails here. This evidence is insufficient to establish that $150 per hour is the prevailing market rate in the Eastern District of Kentucky, Central Division, among "lawyers of reasonably comparable skill, experience, and reputation." *See Lay*, No. 10-cv-346-DLB at DE 33; *Kalar*, No. 10-cv-428-JBC at DE 26. Plaintiff's attorney also notes his experience and unique willingness to take on Social Security appeals, but this, too, is not sufficient to establish a prevailing market rate above $125 per hour.

Because Plaintiff's attorney has failed to show that the prevailing market rate exceeds the statutory cap, the Court need not address his cost of living arguments made with citation to the Consumer Price Index. *Begley*, 966 F.2d at 200. Therefore, Plaintiff is limited to recovering the statutory fee of $125.00 per hour.

### C. Assignment of EAJA Fees

The Commissioner also requests that these fees be made payable directly to Plaintiff and not her attorneys based on *Astrue v. Ratliff*, 560 U.S. 586 (2010).

In *Astrue*, the Supreme Court held that an award of EAJA fees belongs to the plaintiff, not the plaintiff's attorney. *Astrue* clearly states that under the plain text of the statute, the EAJA awards "the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Astrue*, 560 U.S. at 593. This implies that fees under the EAJA should be paid to litigants regardless of whether the Commissioner presently shows that the litigant has a federal debt or not. The Sixth Circuit has adopted this view. *See Bryant v. Commissioner of Social Security*, 578 F.3d 443, 448 (6th Cir. 2009).

Here, the plaintiff has assigned any EAJA fees to her counsel [DE 16-3]. However, this assignment is not effective under the Anti-Assignment Act, 31 U.S.C. § 3727(b). The Anti-

9

Assignment Act imposes stringent requirements on an assignment of a claim against the United States, including a claim for an award of EAJA fees, which must be met in order for the assignment to be enforceable. For example, "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). Here, the assignment predates the Court's actual award of fees under the EAJA and is therefore void. *See Cox v. Astrue*, 917 F. Supp. 2d 659, 662 (E.D. Ky. 2013) (citing *Kalar v. Astrue*, CIV.A. 10-428-JBC, 2012 WL 2873815 (E.D. Ky. July 13, 2012)) ("[D]istrict courts within the Sixth Circuit have agreed that any assignment of an EAJA award that predates the actual award of fees is void.").

Therefore, while the Court will award attorney fees and expenses pursuant to the EAJA in the amount of $9,257.93, the fees and expenses are awarded to the plaintiff, not her attorney. In the event the plaintiff owes any pre-existing debt, the Government is entitled to offset the award.

Accordingly, **IT IS ORDERED**:

1) that Plaintiff's Motion for Payment of Attorney Fee under the EAJA [DE 16] is **DENIED IN PART** to the extent that Plaintiff requests compensation for clerical work and some additional unnecessary tasks and an hourly rate of $150, and to

10

the extent that the attorney's fees be paid directly to Plaintiff's attorney instead of Plaintiff; and

2) that Plaintiff's Motion for Payment of Attorney Fees under the EAJA [DE 16] is **GRANTED IN PART** to the extent that Plaintiff is awarded EAJA fees at the rate of $125.00 per hour for 71.25 hours of work. Thus, Plaintiff is entitled to fees in the amount of **$8,906.25** plus costs in the amount of **$351.68** for a total of **$9,257.93**.

This, the 9th day of April, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge